UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

LEADER GLOBAL SOLUTIONS LLC,

    Plaintiff,

v.

TRADECO INFRAESTRUCTURA, S.A. DE C.V.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Leader Global Solutions LLC, sues Defendant, Tradeco Infraestructura, S.A. de C.V., and alleges the following:

### Parties, Jurisdiction and Venue

1. Plaintiff, Leader Global Solutions LLC ("Leader Global"), is a Florida limited liability company located in Coral Gables, Florida.

2. Defendant, Tradeco Infraestructura, S.A. de C.V. ("Tradeco"), is a Mexican corporation.

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2) because Leader Global and Tradeco are citizens of different states, domestic and foreign, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Tradeco in this lawsuit pursuant to Section 48.193(a)(1) and (7), Fla. Stat., because Tradeco "does business" in Florida and "breached a contract in this state by failing to perform acts required by the contract to be

1

performed in this state." Further, in the Master Sales Agreement, Tradeco acknowledged doing business in Florida and waived any and all defenses related to personal jurisdiction in Florida.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3), because a substantial part of the events or omissions giving rise to Leader Global's claim occurred in this District, and because Tradeco is subject to personal jurisdiction in this Court. Venue is also proper here because the parties agreed to it. Specifically, the Master Sales Agreement underlying this dispute contains a forum selection clause in which the parties agreed to venue in Miami-Dade County for "any action brought by either [Tradeco] and/or [Leader Global] pursuant to this Agreement, or otherwise arising out of or in any way related to the relationship between [Leader Global] and [Tradeco] . . . ." Furthermore, Tradeco waived any and all defenses related to forum non conveniens in the Master Sales Agreement.

## Facts

6.      Leader Global is a specialty trading services firm that provides customized trade and supply chain financing to clients around the world.

7.      On August 30, 2014, Leader Global and Tradeco entered into a Master Sales Agreement (the "Master Sales Agreement"). A copy of the Master Sales Agreement is attached as **Exhibit 1**.

8.      Pursuant to the Master Sales Agreement, Leader Global agreed to purchase and take title to goods from Tradeco's suppliers, then resell these goods back to Tradeco at a later date in exchange for a purchasing fee consisting of the invoiced price of the goods plus a markup.

9.      On August 31, 2014, Tradeco sent Leader Goal four separate purchase order request forms for the purchase of construction machinery (the "Goods"), which totaled $6,983,818.00.

2

10. Leader Global purchased the Goods, which were delivered to Tradeco in accordance with Tradeco's shipping instructions.

11. Under the parties' agreement, Tradeco was required to pay in full for the Goods, the purchasing fee and the markup by February 27, 2015 (180 days from the date of the invoices). Tradeco failed to make such payment in full when it came due.

12. On April 21, 2015, Leader Global issued an invoice to Tradeco (the "Invoice") reflecting the total remaining balance of $5,398,375.43 (the "Invoice"). A copy of Invoice is attached as **Exhibit 2**.

13. The Invoice expressly states that it is subject to the Master Sales Agreement, and contains the following payment terms:

- $750,000.00 due on May 21, 2015;
- $750,000.00 due on June 22, 2015; and
- $3,898,375.43 due on July 20, 2015.

14. The same day the Invoice was issued, Tradeco executed an Order Acceptance Notice in which Tradeco verified its unconditional acceptance of the Goods and agreement to pay Leader Goal the Invoice amount of $5,398,375.43 in accordance with the terms and conditions of the Master Sales Agreement. A copy of the Order Acceptance Notice is attached as **Exhibit 3**.

15. Tradeco breached the Master Sales Agreement by failing to make the first Invoice payment of $750,000 when it came due on May 21, 2015.

16. Pursuant to Section 3(d) of the Master Sales Agreement, Leader Global declared all outstanding invoices immediately due and payable.

17. As a result of its default, Tradeco owes Leader Global the total Invoice amount of 5,398,375.43, plus interest.

18. In addition, the Master Sales Agreement provides that Tradeco must pay Leader Global all costs and expenses (including court costs and reasonable attorneys' fees) incurred by Leader Global to enforce the Master Sales Agreement.

19. Leader Global has hired the undersigned firm and agreed to pay reasonable attorneys' fees to litigate its claim against Tradeco.

20. All conditions precedent to bringing this action have been waived, excused or otherwise have been performed or occurred.

### COUNT I: BREACH OF CONTRACT

21. Leader Global restates and realleges paragraphs 1 through 20 as if fully set forth herein.

22. The parties entered into the Master Sales Agreement.

23. Tradeco breached the Master Sales Agreement by failing to make the $750,000 payment that was due on May 21, 2015.

24. Leader Global has been damaged as a result.

WHEREFORE, Leader Global demands judgment for damages against Tradeco, including but not limited to interest, attorney's fees, costs and such other and further relief as the Court may deem appropriate.

Dated: June 4, 2015.

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Center, 22nd Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 403.8788
Facsimile: (305) 403.8789

By: /s/*Jason Kellogg*
JASON KELLOGG
Florida Bar No. 0845701
jk@lklsg.com
MATTHEW J. MCGUANE
Florida Bar No. 084473
mjm@lklsg.com